ADDIE McKEEN, Respondent, v. NELS IVERSON, Appellant.

(180 N. W. 805.)

**Carriers — death — finding for guest in automobile on issues of negligence and contributory negligence warranted — three thousand dollars held not excessive for killing of husband.**

The plaintiff is the widow of Sig McKeen, deceased. He was a guest in a car owned and driven by defendant. The car turned over and killed McKeen, and, as the jury found, the proximate cause of his death was the reckless driving of the car by defendant. The verdict, $3,000, is moderate and in accordance with the evidence.

Opinion filed January 4, 1921.

Appeal from judgment of District Court of Renville County; Honorable *C. W. Buttz,* J.

Affirmed.

*Bradford & Nash,* for appellant.

If the deceased acquiesced or participated in a use of intoxicating liquor resulting in defendant's incapacity to safely operate the car, plaintiff cannot recover. Lynn v. Goodwin, 170 Cal. 112, L.R.A. 1915E, 588, 148 Pac. 927; Powell v. Berry, 145 Ga. 696, L.R.A. 1917A, 306, 89 S. E. 753.

A guest may be held negligent who consents to stay in an automobile after dark without light on an unfamiliar road. Rebillard v. Minneapolis, etc. R. Co. L.R.A.1915B, 953, 133 C. C. A. 9, 216 Fed. 503; Kearney v. Fitzgerald, 43 Iowa, 580; Engleken v. Hilger, 43 Iowa, 563; McDonald v. Casey, 84 Mich. 505, 47 N. W. 1104; Ronscncrantz

NOTE.—The general rule is that the negligence of a driver of an automobile who is intoxicated is not imputable to a passenger so as to bar the latter's right of recovery, yet one who rides with the driver of an automobile, with knowledge that the driver is drunk, is guilty of independent negligence apart from the driver's negligence, and cannot recover from the driver of another automobile, or the driver of the car in which he was riding, by reason of the intoxicated driver's negligence, as will be seen by an examination of a note in L.R.A.1917A, 314, on intoxication of person operating automobile.

On excessive or inadequate damages for personal injuries resulting in death, see comprehensive note in L.R.A.1916C, 820.

v. Shoemaker, 60 Mich. 4, 26 N. W. 794; Elliott v. Barry, 34 Hun, 129.

Notwithstanding the fact that the negligence of the driver will not be imputed to the passenger, yet it is necessary that the passenger himself exercise ordinary care. Lake Shore etc. R. Co. v. Boyts, 16 Ind. App. 640, 45 N. E. 812; Flanagan v. New York C. etc. R. Co. 70 App. Div. 505, 75 N. Y. Supp. 225, affirmed in 173 N. Y. 631, 66 N. E. 1108; Galveston etc. R. Co. v. Kutac, 72 Tex. 643, 11 S. W. 127.

No recovery can be had where the passenger acquiesced or participated in the negligent acts of the driver. Colorado, etc. R. Co. v. Thomas, 33 Colo. 517, 70 L.R.A. 681, 81 Pac. 801; Illinois C. R. Co. v. McLeod, 78 Mass. 334, 52 L.R.A. 954, 84 Am. St. Rep. 630, 29 So 76.

*E. R. Sinkler* and *J. E. Bryans,* for respondent.

In order to raise the question of contributory negligence it is necessary that that defense which is an affirmative should be pleaded. Carr v. R. Co. 16 N. D. 217; Ouverson v. Grafton, 5 N. D. 281; 5 Pl. & Pr. 12.

Robinson, J. The complaint avers that plaintiff is the widow of Sig McKeen on whom she depended for support; that she is the administratrix of his estate; that in July, 1917, McKeen was a guest of defendant in an automobile owned and driven by him; that by the gross negligence of defendant the automobile turned over and killed McKeen. The jury found a special verdict on which judgment was given against defendant for $3,000. The verdict finds that McKeen was a guest in defendant's car when it overturned; that defendant was intoxicated and his intoxication contributed to the overturning of the car. The speed of the car, when making a turn on the road shortly before the accident was 30 miles an hour, and it was 15 miles at the time of the accident, and the speed contributed to the overturning of the car. Defendant was intoxicated and McKeen knew it.

Questions submitted to jury:

Q. Did McKeen know or have reason to believe there was danger in riding in the car?

A. No.

Q. If he had reason to believe there was danger, did he have time and opportunity, without danger, to get out of the car?

A. No.

Q. In driving the car did defendant use ordinary care?

A. No.

Q. What was the proximate cause of the accident?

A. Reckless driving by defendant.

Q. In what sum has the plaintiff been damaged?

A. $3,000.

The defense is that the deceased was guilty of contributory negligence. At the time of the accident defendant was driving a high-power car in which the deceased and the several others were all "gloriously drunk together."

Ira Pellett testifies: They crossed a bridge and then defendant commenced to speed.

Q. Did anybody try to get out of the car shortly after you crossed the bridge?

A. Yes, sir. Mr. Johnson was hollering: "For God's sake stop and let me out of this car," and Sig McKeen said: "Take me back, I don't want to go like this." Defendant did not stop. He speeded up a little. He kept increasing the speed all the time after he started down the road.

Q. How fast was the car going as it approached within 100 or 200 feet of the turn?

A. Why from 35 to 45 miles.

The testimony covers 420 pages. There is considerable conflict. Yet the verdict is well sustained. McKeen came to his death by means of reckless driving and gross neglect of defendant, and six others narrowly escaped death. Defendant can urge no defense only that he was drunk, and deceased knew it, and in getting into the automobile deceased was guilty of negligence. However, the jury finds that Sig McKeen did not know or have reason to believe that there was danger in riding on the car. The fact that a person is more or less intoxicated does not indicate that he will act the part of a madman. McKeen seeing five or six other persons on the car would naturally conclude that they were not all so foolish as to go on a car

where there was a great and apparent danger. Then he might well conclude, as the fact is, that a man who is intoxicated must know it, and that he should be the more careful in driving a car with six or seven guests.

By statute every person is responsible, not only for his wilful acts, but also for an injury occasioned to another by the want of ordinary care in the management of his property or person, except so far as the latter has wilfully or by want of ordinary care brought the injury upon himself. Now in this case it will not be contended that the deceased wilfully brought the injury upon himself or that he was guilty of more negligence than the several other persons on the car. It is true the guests were all more or less under the influence of liquor, but their condition was neither the direct nor proximate cause of the car turning over on them. As the jury found, the proximate cause of the accident was the reckless driving by defendant, and the reckless driving was not in any manner caused by the condition of deceased.

It is urged plaintiff cannot recover if the deceased participated in the use of intoxicating liquor which resulted in defendant's incapacity to operate the car. But the evidence does not show, and there is no presumption or finding, that the defendant had not capacity to safely operate the car. The accident resulted not from the lack of capacity, but from the lack of care and a desire to do a dare-devil stunt and to frighten the guests. They cried for him to stop

> But the more they cried, Whoa!
> More he said, Let her go!
> And the good car went faster and faster.

The verdict is moderate and in accordance with the testimony. Affirmed.

Grace, J., disqualified, did not participate.

Bronson, J. (specially concurring). I concur in the affirmance of the judgment. The record discloses that this case was fairly tried and fairly submitted to the jury for a special verdict. The trial court submitted the proposed interrogatories to both parties for their sug-

gestions and amendments. Both parties were satisfied with the inter-rogatories as proposed and submitted to the jury. Both parties, like-wise, were satisfied with the instructions given by the trial court to the jury.

I am satisfied that the questions of the negligence of the defendant and of the deceased were questions of fact for the jury; that the findings as made by the jury have support in the evidence and warrant the judgment rendered by the trial court.

CHRISTIANSON, Ch. J. (concurring specially). In the trial court the defendant contended that he was not intoxicated at the time the accident occurred. In this court the claim is made that, under the facts as found in the special verdict, the intoxication of the defendant was the basal element of the negligence which occasioned the death of plaintiff's husband, and that the deceased was guilty of such negli-gence as precludes a recovery. It is true the jury found that defend-ant was intoxicated, and that the deceased knew that he was intoxicated at the time the "car left the Chautauqua Park for the ballgrounds on the day of the accident." But they, also, found that he did not "know or have reason to believe there was any danger in riding in the car" and that he had no "time or opportunity, without danger, to get out of the car." They further found that "the proximate,—the direct,—cause" of the accident was "reckless driving on the part of the defend-ant." It is true they found that this reckless driving occurred while he (defendant) was intoxicated, and that he lost control of the car "while making the turn in the road." But I do not believe that it follows as a matter of law from these facts that defendant is relieved from liability. As I construe the special verdict it finds that the injury was occasioned by defendant's negligence, and that the deceased was not negligent. I concur in an affirmance of the judgment appealed from.

BIRDZELL, J., concurs.